STATE OF NORTH CAROLINA
v.
JAMES STEVEN GALANIS.
No. COA07-215
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Special Counsel Jay J. Chaudhuri, for the State.
Duncan B. McCormick for defendant-appellant.
MARTIN, Chief Judge.
James Galanis ("defendant") was convicted by a jury of third degree sexual exploitation of a minor. He appeals from a judgment entered upon the verdict sentencing him to a minimum term of 6 months and a maximum term of 8 months. The sentence was suspended and defendant was placed on supervised probation for 24 months. For the reasons stated below, we find no error in his trial.
The State presented evidence at trial which tended to show that defendant and his eight-year-old son moved in with Melody Sue Cross ("Cross") in May 2002. On or around 10 June 2002, using a computer in his bedroom at Cross's home, defendant searched the Internet for explicit material. At some point during this search, images of child pornography appeared on defendant's computer screen, and defendant printed out these images. Defendant placed the images in a stack of printer paper inside the computer desk.
On 12 June 2002, Cross found the images in the stack of printer paper and called the Archdale police. Cross also confronted defendant about the pictures. Cross testified that defendant told her he wanted to take the pictures to the police, but was afraid that he would be charged with a crime. Defendant then got the pictures out of the computer desk, tore them up, and put them in the trash. A few days later, Cross examined defendant's computer and determined that he had been visiting child pornography web sites again. She then contacted the High Point police, and two police officers came to her house the same night. Cross retrieved the pictures from the trash, taped them back together, and gave them to the officers.
Defendant testified on his own behalf. He testified that he was searching for explicit material on the Internet when child pornography images appeared. He stated that he printed the pictures "without thinking," and that he intended to call the police. Because he was afraid that he might have committed a crime, he wanted to wait until he could speak with his father's attorney before he contacted the police. Defendant maintained that he only intended to give the pictures to police because he thought "there was something that somebody could do to stop these type of people from doing this."
Defendant first argues that the trial court erred by allowing the State to project the images of child pornography on a video screen that could be seen by the jury during cross-examination of defendant after it had already published the images to the jury. Defendant contends that the probative value of the second showing of the images was outweighed by unfair prejudice, and he should thus be granted a new trial. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2005). "The decision whether to exclude evidence under Rule 403 of the Rules of Evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion." State v. Roache, 358 N.C. 243, 284, 595 S.E.2d 381, 408 (2004). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). However, our Supreme Court has recognized that "when the use of photographs that have inflammatory potential is excessive or repetitious, the probative value of such evidence is eclipsed by its tendency to prejudice the jury." Id. at 284, 372 S.E.2d at 526.
Here, there is no dispute regarding whether the images had probative value. "A person commits the offense of third degree sexual exploitation of a minor if, knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity." N.C. Gen.Stat. § 14-190.17A (2005). Thus, as the trial judge stated, "the photographs themselves are the gravamen of the charge." The State first published the images to the jury during Cross's direct examination so that she could identify them as the ones she found in the stack of printer paper. Defendant stated that he did not remember exactly what images he printed, so during defendant's cross-examination, the State displayed the images again in order to have defendant identify them as the ones he printed, to assist him in remembering when he printed them, and to determine the method by which they were printed.
Defendant argues that our Supreme Court's holding in State v. Hennis requires us to grant him a new trial. We disagree. In Hennis, the State twice displayed "thirty-five duplicative photographs" of murder victims with "redundant content" to the jury. Hennis, 323 N.C. at 286-87, 372 S.E.2d at 528. The State first displayed the photographs on a large screen above the defendant's head, and then, in a process that lasted an hour, passed the photographs to the jury members one by one "unaccompanied by further testimony." Id. at 282-83, 372 S.E.2d at 525-26. Our Supreme Court held that publishing photographs with duplicative content to the jury first on the "unusually large screen" and again in a "slow, silent manner" was prejudicial error that "had potential only for inflaming the jurors[,]" and granted the defendant a new trial. Id. at 286-87, 372 S.E.2d at 528.
In the present case, there were only six nonduplicative images, and the State displayed them a second time during cross-examination of defendant so that he could identify them as the pictures he printed out. This second display of the images to the jury in the context of defendant's cross-examination helped further establish the "gravamen of the charge" by demonstrating that defendant possessed the same images of child pornography that were found by Cross and given to the police, and did not tend solely to inflame the jury. Thus, we cannot say that the trial court abused its discretion by allowing the State to publish the images to the jury a second time. This assignment of error is overruled.
Defendant next argues that the trial court erred by allowing the State to cross-examine him about his conviction for misdemeanor child abuse. Defendant contends that the State exceeded the permissible scope of cross-examination by asking him if the arrest warrant contained an allegation that he had chained his son to a piece of furniture. He maintains that the evidence should have been excluded under Rule 609(a). N. C. Gen. Stat. § 8C-1, Rule 609(a) (2005).
Rule 609(a) provides that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter." N.C. Gen. Stat. § 8C-1, Rule 609(a). In general, the State may not elicit "details of prior convictions other than the name of the crime and the time, place, and punishment for impeachment purposes under Rule 609(a) in the guilt-innocence phase of a criminal trial." State v. Lynch, 334 N.C. 402, 410, 432 S.E.2d 349, 353 (1993). Nevertheless, "evidence which would otherwise be inadmissible may be permissible on cross-examination 'to correct inaccuracies or misleading omissions in the defendant's testimony or to dispel favorable inferences arising therefrom.'" State v. Braxton, 352 N.C. 158, 193, 531 S.E.2d 428, 448 (2000) (quoting Lynch, 334 N.C. at 412, 432 S.E.2d at 354), cert. denied, 531 U.S. 1130, 121 S. Ct. 890, 148 L. Ed. 2d 797 (2001). Further, "when the defendant 'opens the door' by misstating his criminal record or the facts of the crimes or actions, or when he has used his criminal record to create an inference favorable to himself, the prosecutor is free to cross-examine him about details of those prior crimes or actions." Lynch, 334 N.C. at 412, 432 S.E.2d at 354. We review admission of prior conviction evidence under Rule 609 using a plain error standard. See State v. Sexton, 336 N.C. 321, 353, 444 S.E.2d 879, 897, cert. denied, 513 U.S. 1006, 115 S. Ct. 525, 130 L. Ed. 2d 429 (1994).
In the present case, defendant's attorney questioned him on direct examination about his prior conviction for misdemeanor child abuse. Defendant stated that his son was "out of control," had skipped school, and was going to be sent to a wilderness camp due to his unruly behavior. Defendant's attorney asked "So [the misdemeanor child abuse charge] was about how you chose to discipline your child?" Defendant replied "Right," and added "[b]ut he went to somebody and said I went to the extreme." Defendant thus volunteered information concerning the nature and circumstances of his conviction for misdemeanor child abuse on direct examination and suggested that the conviction resulted from reasonable disciplinary measures taken to control his misbehaving son. This testimony was misleading, created an inference favorable to defendant, and "opened the door" to the prosecutor's follow-up questions. Thus, the trial court did not err in permitting the State to ask defendant about the details of his conviction in order to correct inaccuracies and rebut defendant's version of the charges. This assignment of error is overruled.
No error.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).